IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

KERRY MARCUS MILLER,

Defendant.

Case No. 12-MJ-209

ORDER FOR PRETRIAL DETENTION

On the 29th day of October 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Leon F. Spies.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 24, 2012, Defendant Kerry Marcus Miller was charged by Criminal Complaint (docket number 1) with possession with intent to distribute heroin and cocaine base, and assaulting, resisting, and impeding a federal officer.

At the hearing, Special Agent Josh Lupkes of the Iowa Division of Narcotics Enforcement testified regarding the circumstances underlying the instant charges.[1] On October 23, 2012, task force officers were conducting surveillance on a silver Honda CRV. Officers observed a traffic violation and requested that a marked Cedar Rapids patrol car conduct a traffic stop on the vehicle. The vehicle was stopped. There were three persons in the vehicle. The two passengers, including Defendant, exited the vehicle and fled. The driver remained in the vehicle. Before fleeing, Defendant first attempted

---

[1] Special Agent Lupkes is currently assigned to the DEA Task Force in Cedar Rapids, Iowa.

1

to get the driver out of the vehicle. When his attempt to remove the driver was unsuccessful, Defendant ran into a nearby business, Midtown Motors.

Scott Smith, the DEA resident-agent-in-charge, followed Defendant into Midtown Motors. Smith found Defendant in a room inside the business. An altercation ensued between Defendant and Smith, and Defendant escaped from the room. Another Task Force Officer, Nick Nolte, saw Defendant exit Midtown Motors, and took an elbow to the left eye as he tried to apprehend Defendant.[2] Other officers arrested Defendant in the Midtown Motors parking lot. Even after being arrested, Defendant continued to resist law enforcement. Defendant was taken to the hospital and continued to resist the officers at the hospital. Defendant eventually became compliant at the Linn County Jail.

After he was arrested, Defendant was searched at the scene. Officers found $395 in cash on Defendant, 25 grams of heroin, 5 grams of crack cocaine, and 4 bindles of heroin (approximately 1.8 grams). Law enforcement also searched the room in Midtown Motors where the altercation with Special Agent Smith took place, and found a baggie with 48 grams of heroin. Special Agent Lupkes testified that the heroin was consistent with distribution weight.

According to the pretrial services report, Defendant is 22 years old. He was born and raised in Chicago, Illinois. In 2006, he moved to Cedar Rapids, but has lived off-and-on in both Cedar Rapids and Chicago since that time. His parents reside in North Liberty, Iowa. At the time of his arrest on the instant charges, Defendant resided with his grandmother in Chicago. If released, however, Defendant told the pretrial services officer that he would live with his parents in North Liberty. Defendant has never been married, but he has three children from two separate relationships. All of his children reside with their respective mothers in Chicago.

For the past three months, Defendant has been employed as a cashier at a Family Dollar Store in Chicago. Defendant suffers from asthma and uses an inhaler as needed. Otherwise, he is in good physical health. He reported no history of mental or emotional

---

[2] Officer Nolte needed four stitches for a laceration above his left eye.

2

health concerns. Defendant told the pretrial services officer that he smoked marijuana for a brief period of time when he was 16, but has not used any other illicit drugs.

Defendant has an extensive criminal record. At age 15, Defendant was arrested in Chicago on nine separate occasions. He was arrested for reckless conduct, assault, local ordinance violation (three times), possession of a controlled substance (four times), and possession of marijuana (three times). Except for one instance, the disposition of all of these charges is unknown. Records reflect that Defendant was incarcerated on one of the possession of controlled substance charges from October 11, 2007 to January 23, 2008, when he was placed on parole. His parole was discharged on September 20, 2011.

At age 16, and prior to his incarceration on October 11, 2007, Defendant was arrested five additional times. He was arrested for local ordinance violation, possession of a controlled substance (three times), criminal trespass to vehicle, and issuance of a warrant. The disposition of all of these charges is unknown.

On February 5, 2008, at age 17, just weeks after he was paroled on the possession of a controlled substance charge, Defendant was charged and later convicted in four separate counts of local ordinance violation, being unlicensed, uninsured operator, and Illinois Vehicle Code felonies. Defendant was given 2 years probation.

At age 18, while on parole and on probation, Defendant was arrested on six separate occasions. He was arrested for local ordinance violation (six times), driving with a suspended license, uninsured operator, title/registration violation, not wearing a seat belt, and criminal trespass to vehicle. Except for the criminal trespass to vehicle charge, the disposition of all other charges is either unknown, or the charges were stricken with leave to reinstate. Regarding the criminal trespass to vehicle charge, an arrest warrant was issued in that case for a bond forfeiture. Ultimately the warrant was quashed, and Defendant was sentenced to 2 days in jail.

At age 19, while on parole and probation, Defendant was arrested on four separate occasions. He was arrested for battery/bodily harm, knowingly damaging property, obstructing identification, driving with a suspended license, uninsured operator, public

3

intoxication, and operating a vehicle without consent.[3] There was a bond forfeiture in the battery and damage to property case. An arrest warrant was issued, but later quashed. Ultimately, the case was stricken with leave to reinstate. The disposition of the obstructing identification, driving with a suspended license, and uninsured operator case is unknown. In the operating a vehicle without consent case, Defendant failed to appear for a pretrial conference. An arrest warrant was issued, and later returned.

On October 12, 2010, while on parole and while the operating a vehicle without consent charge was pending, Defendant was charged with being a fugitive from justice. That charge was ultimately dismissed. On March 20, 2011, while on parole, Defendant was charged and later convicted of providing false identification and interference with official acts. On October 4, 2011, Defendant was charged and later convicted of unlawful possession of a weapon by a felon. He was sentenced to two years in prison. He was paroled on August 14, 2012. Less than two weeks after being paroled, Defendant was arrested for a local ordinance violation. The disposition of that charge is unknown.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk

---

[3] In addition to being on parole and probation, Defendant's battery and damage to property charges were pending when he was arrested for obstructing identification, driving with a suspended license, and uninsured operator.

factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

5

alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute heroin and cocaine base, and assaulting, resisting, and impeding a federal officer. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. There are multiple witnesses that will testify Defendant resisted various officers, both while attempting to arrest Defendant

and after Defendant was placed under arrest. Defendant was also found in possession of a substantial amount of heroin and crack cocaine. Special Agent Lupkes testified that the drug quantities were consistent with distribution.

As a general proposition, the distribution of drugs constitutes a general danger to the community. The Court is particularly concerned with the distribution of heroin because its use often results in overdose and death. Defendant has an extensive criminal history, including arrests on drug charges, assaultive behavior, and possessing a weapon as a felon. Given the circumstances underlying the instant charges, the Court is particularly concerned with Defendant's history of assaultive behavior. Here, there is testimony that Defendant fled from law enforcement, had altercations with two different officers who were attempting to arrest him, including elbowing one officer above his left eye which required stitches, resisting officers while being placed under arrest, and resisting officers after being taken to the hospital. Additionally, Defendant has a history of failing to appear for court proceedings, and committing offenses while on pretrial release, probation, and parole. These events occurred just two months after Defendant was released from prison and placed on parole. Based on the serious nature of the offense, Defendant's extensive criminal record, history of committing additional offenses while on pretrial release, probation, and parole, past assaultive behavior, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will assure the safety of the community or assure Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

7

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds there is probable cause that Defendant committed the offense charged in the complaint (docket number 1).

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 30th day of October, 2012.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA